**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DEVERON BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CIV. ACT. NO. 1:25-cv-479-TFM-MU** |
| | ) |
| **FRANK BISIGNANO, Commissioner of** | ) |
| **Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

On April 29, 2026, the Magistrate Judge entered a report and recommendation which recommends this social security appeal be dismissed without prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 8. No objections were filed.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

All that said, where dismissal of a complaint without prejudice has the effect of precluding a plaintiff from refiling her claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Gomez v. Univ. of Miami*, 2025 U.S. App. LEXIS 8774, 2025 WL 1100871 (11th Cir. Apr. 14, 2025) (citing *Justice*). Dismissals with prejudice are drastic remedies that are to be used only when a lesser sanction would not better serve the interests of justice. *Justice*, 6 F.3d at 1482 n. 15. "[A] dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337-38 (quotation omitted); *see also Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (stating same).

In actions such as this seeking judicial review of a final decision of the Commissioner, the action must be "commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Here, according to the Complaint, the Commissioner's decision became final when the Appeals Council sent notice denying review of the administrative law judge's unfavorable decision on September 22, 2025. Doc. 1 at 2 ¶ 9. Thus, absent an allowance of additional time by the Commissioner, dismissal of Brown's case without prejudice at this point would be tantamount to dismissal with prejudice.

After the denial of his initial motion to proceed *in forma pauperis*, Plaintiff requested an

extension to pay the filing fee which was granted.  *See* Docs. 5, 6, 7.  The extended deadline was April 24, 2026.  The filing fee was not paid.  Moreover, Plaintiff became aware that this case could be dismissed on April 29, 2026 with the entry of the Report and Recommendation and the filing fee still was not paid nor has Plaintiff requested reconsideration of the original denial.  Put simply, Plaintiff, through counsel, simply has stopped prosecuting this action.

However, the Report and Recommendation does not address the required analysis about a dismissal tantamount to one that is with prejudice.  Therefore, the Court cannot adopt the Report and Recommendation in full because it would be clear error since there are no findings regarding a clear pattern of delay or willful contempt nor is there a specific finding that no lesser sanction will suffice.  At that point, Plaintiff (through counsel) will have received several warnings about the failure to comply resulting in dismissal of the action.  Additionally, Brown is represented by counsel who is well-aware of the consequences of dismissal of this action and the ability to proceed further.  Moreover, the Court cannot be held hostage on a social security appeal because without the payment of a filing fee or an updated affidavit to support reconsideration of the *in forma pauperis* request, there is no basis to serve the appeal on the Commissioner which triggers every other action (including obtaining the record in this case).  Put plainly, the appeal could not proceed further.  At that point, the Court finds the record adequate to support the dismissal of this action – even though it would be estopped by the statute of limitations from being refiled.

**_Put simply, this is the last warning._**  Plaintiff shall have 30 days to either remedy the deficiency and pay the filing fee or enter a notice that Brown no longer intends to pursue this action.  Failure to comply will result in the dismissal of this action with the findings that there is a clear pattern of delay and no less sanction would suffice.  The Court will not enter an additional opinion but would simply enter a final judgment in this case pursuant to Fed. R. Civ. P. 58.

Therefore, the Court **PARTIALLY ADOPTS** the Report and Recommendation (Doc. 8) in that the Court agrees there has been a failure to prosecute and obey court Orders.  However, the Court **DECLINES** to dismiss the action at this juncture.  Instead, the Court will withhold the actual dismissal of the case and provide Plaintiff until **July 17, 2026** to either remedy the deficiency and pay the filing fee or enter a notice that Brown no longer intends to pursue this action.  Otherwise, this action will be dismissed under Rule 41(b) as the equivalent of a dismissal with prejudice.

DONE and **ORDERED** this 16th day of June, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE